**Darrell Lee MEADOWS, Plaintiff,**

v.

**HUTTONSVILLE CORRECTIONAL CENTER, Dr. Nityanandra Santra, and Dr. Earnest Hart, Defendants.**

**Civ. A. No. 90–0166–E.**

United States District Court,
N.D. West Virginia,
Elkins Division.

July 7, 1992.

Darrell Lee Meadows, pro se.

John E. Busch, Joseph Wallace, Elkins, W.Va., Rita Stuart, Charleston, W.Va., for defendants.

## ORDER

MAXWELL, Chief Judge.

Plaintiff, who is proceeding *pro se*, instituted the above-styled civil action pursuant

to 42 U.S.C. § 1983 while incarcerated at the Defendant Huttonsville Correctional Center. Plaintiff alleged in his Complaint that Defendants were deliberately indifferent to his serious medical needs; specifically, that Defendants conspired to remove his appendix without cause in order to receive money from the State of West Virginia for reimbursement. Both individual Defendants submitted Motions for Summary Judgment. By Order entered July 15, 1991, the Court noted that both individual Defendants had made a strong showing in support of their Motions, but stayed consideration of the Motions pending further investigation. The Court recognized that Plaintiff was severely handicapped in his ability to substantiate his claims, having only alleged a conspiracy and furnished names of other alleged victims, and referred this matter to the Office of the Attorney General of West Virginia for further investigation.

■ Defendant Huttonsville Correctional Center subsequently answered the Complaint, raising, among other defenses, immunity from suit pursuant to § 1983. "Neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Litigants are not provided a federal forum by § 1983 when they seek a remedy against a state for alleged deprivation of civil liberties. The Eleventh Amendment bars such suits unless the state has waived its immunity. *Id.* at 66, 109 S.Ct. at 2309. The same principle applies to suits brought against "appendages" of the State, such as state agencies. *Id.* at 70, 109 S.Ct. at 2311. For the purposes of a civil action brought pursuant to 42 U.S.C. § 1983, the State of West Virginia has not waived its immunity. *Giancola v. West Virginia Department of Public Safety*, 830 F.2d 547 (4th Cir.1987). Defendant Huttonsville Correctional Center is part of the West Virginia prison system. *E.g.* W.Va.Code §§ 25–1–3, 28–5A–2 (1986). Accordingly, because *Will* immunity attaches to Huttonsville Correctional Center, it is

ORDERED that Defendant Huttonsville Correctional Center be, and the same is hereby, DISMISSED from the above-styled action.

The Office of the Attorney General informally submitted materials regarding Plaintiff's allegations on October 31, 1991, which this Court ordered filed as part of the record in this action on January 28, 1992. The Office of the Attorney General supplemented its investigation on May 22, 1992. Plaintiff responded to all matters of record on May 28, 1992. A review of the record in this action demonstrates that Defendants' Motions are ready for disposition by the Court.

■ Motions for summary judgment under Rule 56, Federal Rules of Civil Procedure, impose a difficult standard on the movant, for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC*, 906 F.2d 972, 974 (4th Cir.1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985).

■ A review of Defendants' legal memoranda, the attached affidavits and medical records concerning Defendant, and the conclusions of Dr. Sharma contained in the Attorney General's investigative report convinces the Court that Plaintiff's allegations are frivolous and without merit. Dr.

Sharma opined that the appendectomy performed on Plaintiff, as well as those performed on the other prisoners whose files were provided for examination, were medically justified. An examination of the other medical records submitted by Defendants and by the Office of the Attorney General indicate that the records submitted to this Court and to Dr. Sharma are consistent with those prepared regarding the inmates' medical histories. Finally, to the Court's untutored eye, all of the surgeries at issue in this action would certainly appear to have been warranted under the circumstances.

Plaintiff contests Defendants' assertions and the conclusions of the Office of the Attorney General by claiming that the findings of the Attorney General are unbelievable due to that Office's representation of Defendant Huttonsville Correctional Center in this action and due to the fact that Timothy Gillman, an inmate upon whom an appendectomy was performed, has apparently been offered a settlement regarding a claim arising from his operation. However, no evidence of the settlement offer has been submitted to the Court, and no affidavits or documents have been filed in support of Plaintiff's claims. Plaintiff apparently chooses to rest on his allegations of conspiracy.

■ Like claims of unconstitutional conditions of confinement regarding inmates, claims of deliberate indifference to serious medical needs are analyzed under an Eighth Amendment cruel and unusual punishment standard whereby the inmate must establish that the mistreatment results from the deliberate indifference of the jail administration staff. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (applying the "deliberate indifference" standard to claims regarding conditions of confinement). To constitute the "punishment" proscribed by the Eighth Amendment, the inmate must show that the medical neglect is wantonly imposed by jail officials. *Id.* This culpable state of mind requires more egregious behavior than mere

negligence. *Id.; Miltier v. Beorn,* 896 F.2d 848, 852 (4th Cir.1990).

■ Regarding Plaintiff's conspiracy allegations, he simply cannot rest on conclusory legal claims when Defendants have submitted affidavits and documents countering these naked allegations. *Ballinger v. North Carolina Agric. Extension Serv.,* 815 F.2d 1001, 1007 (4th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). "It is well settled that mere allegations of conspiracy, backed up by no factual showing of participation in a conspiracy, are insufficient to support such an action against a motion for summary judgment based on affidavits establishing the absence of any participation." *Id.* (quoting *Buschi v. Kirven,* 775 F.2d 1240, 1248 (4th Cir.1985)). Because Plaintiff's Complaint contains no facts to support his legal conclusions, this Court must find his conspiracy allegations to be meritless. *See Revene v. Charles County Comm'rs,* 882 F.2d 870, 873–74 (4th Cir.1989) (to survive dispositive motion, complaint containing legal conclusions must also contain facts allowing an inference of the alleged conclusion).

■ Plaintiff has wholly failed to substantiate his conspiracy and deliberate indifference to a serious medical need claims. No facts exist in the record which support these allegations. The alleged settlement offered Timothy Gillman does not change this conclusion. Such offers are not admitted into evidence at trial in order to prove liability, and rightly so. *See* Fed.R.Evid. 408. A settlement offer simply is not very probative regarding the issue of liability, as such offers may be premised upon other considerations. Additionally, to the extent that the alleged offer of settlement may reflect on liability, it may indicate nothing more than simple negligence, which is not actionable under § 1983. *Miltier,* 896 F.2d at 852. In summary, it simply is not relevant in this action.

■ Contrary to Plaintiff's allegations, the Court believes that the Office of the Attorney General was an appropriate entity to investigate his claims. First, in light of the clear applicability of the *Will* doc-

trine, the involvement of the Office in the representation of Defendant Huttonsville Correctional Center was not significant. The two individual Defendants both retained private counsel. Second, counsel for a Defendant in this action would clearly be entitled to conduct an investigation and prepare conclusions like those filed in this Court by the Attorney General. Accordingly, the fact that documents unfavorable to Plaintiff's position were submitted by counsel for a Defendant does not compel this Court to disregard them. Third, Dr. Sharma's conclusions are apparently consistent with all medical records filed in this action. Fourth, the Office of the Attorney General obviously would be interested in, and get involved in, an investigation concerning a possible conspiracy regarding state funds. Finally, Plaintiff has submitted no facts or evidence to contradict the documents filed by the Office of the Attorney General.

In conclusion, there simply is no evidence to support Plaintiff's conspiracy allegations. He has submitted nothing to support these claims, and a state investigative agency has discovered no wrongdoing. To the extent that one, or possibly two, of the appendectomies in question were not actually necessary does not compel a different conclusion. As Dr. Sharma noted, medical diagnoses are often inherently speculative. Symptoms sometimes suggest an ailment which does not exist, and physicians sometimes do not properly consider all of the medical evidence presented. However, claims of medical malpractice, to the extent that the medical records in this action may suggest such a conclusion, are not sufficient to state a § 1983 claim. Nothing in the record before the Court suggests any actions which were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851 (referencing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986)). Accordingly, it is

ORDERED that Defendants' Motions for Summary Judgment be, and the same are hereby, GRANTED and that the above-styled civil action be STRICKEN from the docket of this Court.

If Plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(a), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.